IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **PACTIV LLC**, <br><br> Plaintiff, <br><br> v. <br><br> **HIGHLAND PACKAGING SOLUTIONS, INC.**, <br><br> Defendant. | Civil Action No. _____ <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Pactiv LLC ("Pactiv"), for its complaint against Defendant

Highland Packaging Solutions, Inc. ("Highland Packaging"), states and alleges as

follows:

## PARTIES

1.      Pactiv LLC is a Delaware limited liability company with its principal

place of business at 1900 W. Field Court, Lake Forest, IL 60045.  Pactiv has four

Georgia locations: one in Conyers, two in Covington, and one in Macon.

2.      Highland Packaging Solutions, Inc. is a Florida corporation that is located at 1420 Gordon Food Service Drive, Plant City, FL 33563 and that conducts business in this judicial district.

## JURISDICTION

3.      This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, Section 271 *et seq.* and arising from Highland Packaging's acts of infringement of U.S. Patent Nos. 7,766,169; 7,775,364; D694,126; and 8,640,872 (collectively, the "patents-in-suit"), through its importation, manufacture, use, offer for sale, and sale of packaging products, namely, particular sheet-formed and/or molded containers, such as this Highland Packaging egg carton:



4.      This Court has subject matter jurisdiction over the claims and causes

of action asserted in this Complaint because the claims arise under the patent laws

of the United States.

5.      Highland Packaging is subject to personal jurisdiction in the Northern

District of Georgia consistent with the principles of due process, because Highland

Packaging offers its products for sale in this District, has transacted business in this

District, has committed acts of patent infringement in this District, and/or has

placed infringing products into the stream of commerce through established

distribution channels with the expectation that such products will be purchased by

residents of this District, for example, distribution of its infringing packaging

products to Publix Super Markets, Inc. stores in this District.

6.      Venue is proper in this District under 28 U.S.C. § 1391(b) and §

1400(b).

## FACTUAL BACKGROUND

7.      On August 3, 2010, the U.S. Patent and Trademark Office duly and

legally issued U.S. Patent No. 7,766,169 ("the '169 patent"), titled "Stackable egg-

box, stack of egg-boxes and method for destacking said egg-box."  A copy of the

'169 patent is attached as Exhibit A.

8.      On August 17, 2010, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 7,775,364 ("the '364 patent"), titled "Grasping closure system for container for frangible items."  A copy of the '364 patent is attached as Exhibit B.

9.      On November 26, 2013, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. D694,126 ("the '126 patent"), titled "Sheet-formed container for frangible items."  A copy of the '126 patent is attached as Exhibit C.

10.     On February 4, 2014, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 8,640,872 ("the '872 patent"), titled "Egg container with stack-spacing system."  A copy of the '872 patent is attached as Exhibit D.

11.     Pactiv is the owner by assignment of all right, title, and interest in the patents-in-suit.

12.     Pactiv is the world's largest manufacturer and distributor of food packaging and foodservice products, supplying packers, processors, supermarkets, restaurants, institutions, and foodservice outlets across North America.  In particular, Pactiv produces custom-labeled, stackable polyethylene terephthalate ("PET") egg cartons for customers throughout the United States.

4

13.    According to the U.S. Census Bureau, Georgia is the number one producer of poultry and poultry products.  It is estimated that the poultry industry's annual contribution to the State is $38 billion and directly or indirectly employs 138,000 Georgians.  On an average day, Georgia produces approximately thirty million pounds of chicken and thirteen million eggs.  Poultry products earn more than any other Georgia crop.  The statewide economic impact of the industry is an estimated $13.5 billion annually.  *See, e.g.*, http://www.gapf.org/IndustryFacts/default.cfm.

14.    A number of major poultry processors are based in Georgia, including Gold Kist, Fieldale Farms, Claxton, Mar-Jac, and Cagle's.  Additionally, a number of other major poultry companies operate in Georgia, including Tyson, Con-Agra, and Continental Grain.  *See* http://www.georgiaencyclopedia.org/articles/business-economy/poultry.

15.    According to its website, Highland Packaging manufactures and designs large volume products using PET material, including packaging for food.  *See* http://www.highcor.com/About/WhatWeDo.

16.    Atlanta, Georgia hosted the International Production & Processing Expo ("IPPE") from January 27 through January 29, 2015.  According to its website, the IPPE is the world's largest annual poultry, meat, and feed industry

event of its kind.  This year, it is estimated that approximately 30,000 attendees from more than 100 countries attended IPPE in Atlanta.  *See* http://ippexpo.com/.

17.    Highland Packaging was listed as an Exhibitor at the IPPE in Atlanta (Booth C9333), and, as shown in the photo below, did attend IPPE.



18.    Highland Packaging marketed, used, and, upon information and belief, offered to sell its food packaging products at the IPPE in Atlanta, including the packaging products that are covered by the claims of the patents-in-suit.

19.     On February 3, 2015, Pactiv wrote to Highland Packaging, identified the patents-in-suit, and expressed concern over Highland Packaging's infringing egg cartons.  Pactiv further provided Highland Packaging with a copy of a prior complaint filed on February 2, 2015 in the U.S. District Court for the Northern District of Georgia, Civil Action No. 1:15-cv-00334-MHC.  Since at least as early as that date, Highland Packaging has had knowledge of the patents-in-suit and Pactiv's infringement claims.

20.     Highland Packaging's infringement of the claims of the patents-in-suit has injured Pactiv and will cause irreparable injury in the future unless Highland Packaging is enjoined from further infringing the claims of the patents-in-suit.

### FIRST CLAIM FOR RELIEF
#### PATENT INFRINGEMENT OF THE '169 PATENT

21.     Pactiv incorporates the foregoing paragraphs by reference as though fully set forth herein.

22.     Highland Packaging has infringed and continues to directly infringe at least claim 1 of the '169 patent by importing, making, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United States, packaging products as claimed in the '169 patent.  The accused packaging products that embody the inventions claimed in the '169 patent include

at least Highland Packaging's stackable trays obtained by molding of a sheet of

plastic material containing the limitations of at least claim 1 of the '169 patent,

such as this Highland Packaging egg carton:



23.    The infringement by Highland Packaging has injured and continues to

injure Pactiv and will cause irreparable harm unless Highland Packaging is

enjoined from infringing the claims of the '169 patent.

24.    Highland Packaging's infringement of the claims of the '169 patent

has been and continues to be willful under 35 U.S.C. § 284 because Highland

Packaging has acted with knowledge of the '169 patent and knowledge that its

actions constitute infringement of the '169 Patent, or at least has acted with

knowledge of an objectively high likelihood that its actions constitute infringement

of the '169 patent.

25.     Pactiv has complied with the statutory requirement of giving notice of
the '169 patent to Highland Packaging at least by filing a prior complaint in the
U.S. District Court for the Northern District of Georgia on February 2, 2015—
Civil Action No. 1:15-cv-00334-MHC —alleging that Highland Packaging
infringed claims of the '169 patent and providing Highland Packaging with a copy
of that complaint on February 3, 2015.

**SECOND CLAIM FOR RELIEF**
**PATENT INFRINGEMENT OF THE '364 PATENT**

26.     Pactiv incorporates the foregoing paragraphs by reference as though
fully set forth herein.

27.     Highland Packaging has infringed and continues to directly infringe at
least claim 1 of the '364 patent by importing, making, offering to sell, selling,
supplying, causing to be supplied, using, and/or causing to be used, in or into the
United States, packaging products as claimed in the '364 patent.  The accused
packaging products that embody the inventions claimed in the '364 patent include
at least Highland Packaging's stackable trays obtained by molding of a sheet of
plastic material containing the limitations of at least claim 1 of the '364 patent,
such as this Highland Packaging egg carton:

9

28.     The infringement by Highland Packaging has injured and continues to

injure Pactiv and will cause irreparable harm unless Highland Packaging is

enjoined from infringing the claims of the '364 patent.

29.     Highland Packaging's infringement of the claims of the '364 patent

has been and continues to be willful under 35 U.S.C. § 284 because Highland

Packaging has acted with knowledge of the '364 patent and knowledge that its

actions constitute infringement of the '364 Patent, or at least has acted with

knowledge of an objectively high likelihood that its actions constitute infringement

of the '364 patent.

30.     Pactiv has complied with the statutory requirement of giving notice of

the '364 patent to Highland Packaging at least by filing a prior complaint in the

U.S. District Court for the Northern District of Georgia on February 2, 2015—

Civil Action No. 1:15-cv-00334-MHC —alleging that Highland Packaging

infringed claims of the '364 patent and providing Highland Packaging with a copy

of that complaint on February 3, 2015.

**THIRD CLAIM FOR RELIEF**
**PATENT INFRINGEMENT OF THE '126 PATENT**

31.     Pactiv incorporates the foregoing paragraphs by reference as though

fully set forth herein.

32.     The '126 Patent claims an ornamental design for a sheet-formed

container for frangible items.  Figure 1 of the '126 Patent is shown below:



33.     Highland Packaging has infringed and continues to directly infringe

the '126 patent by importing, making, offering to sell, selling, supplying, causing

to be supplied, using, and/or causing to be used, in or into the United States,

packaging products as claimed in the '126 patent.  The accused packaging products

that embody the design claimed in the '126 patent include at least Highland

Packaging's containers for receiving frangible items, such as its egg cartons.  An

example of Highland Packaging's infringing packaging products is shown below:



34.    The infringement by Highland Packaging has injured and continues to

injure Pactiv and will cause irreparable harm unless Highland Packaging is

enjoined from infringing the claim of the '126 patent.

35.    Highland Packaging's infringement of the claims of the '126 patent

has been and continues to be willful under 35 U.S.C. § 284 because Highland

Packaging has acted with knowledge of the '126 patent and knowledge that its

actions constitute infringement of the '126 Patent, or at least has acted with

knowledge of an objectively high likelihood that its actions constitute infringement of the '126 patent.

36.     Pactiv has complied with the statutory requirement of giving notice of the '126 patent to Highland Packaging at least by filing a prior complaint in the U.S. District Court for the Northern District of Georgia on February 2, 2015— Civil Action No. 1:15-cv-00334-MHC —alleging that Highland Packaging infringed claims of the '126 patent and providing Highland Packaging with a copy of that complaint on February 3, 2015.

## FOURTH CLAIM FOR RELIEF
### PATENT INFRINGEMENT OF THE '872 PATENT

37.     Pactiv incorporates the foregoing paragraphs by reference as though fully set forth herein.

38.     Highland Packaging has infringed and continues to directly infringe at least claim 1 of the '872 patent by importing, making, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United States, packaging products as claimed in the '872 patent.  The accused packaging products that embody the inventions claimed in the '872 patent include at least Highland Packaging's containers for receiving frangible items comprising a

13

sheet of formed polymer containing the limitations of at least claim 1 of the '872

patent, such as this Highland Packaging egg carton:



39.    The infringement by Highland Packaging has injured and continues to

injure Pactiv and will cause irreparable harm unless Highland Packaging is

enjoined from infringing the claims of the '872 patent.

40.    Highland Packaging's infringement of the claims of the '872 patent

has been and continues to be willful under 35 U.S.C. § 284 because Highland

Packaging has acted with knowledge of the '872 patent and knowledge that its

actions constitute infringement of the '872 Patent, or at least has acted with

knowledge of an objectively high likelihood that its actions constitute infringement

of the '872 patent.

41.    Pactiv has complied with the statutory requirement of giving notice of

the '872 patent to Highland Packaging at least by filing a prior complaint in the

U.S. District Court for the Northern District of Georgia on February 2, 2015—

Civil Action No. 1:15-cv-00334-MHC —alleging that Highland Packaging

infringed claims of the '872 patent and providing Highland Packaging with a copy

of that complaint on February 3, 2015.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Pactiv prays that this Court:

a.  Enter a judgment that Highland Packaging has directly infringed at

least one of the claims of each of the patents-in-suit;

b.  Enter a judgment that Highland Packaging has wilfully infringed

claims of each of the patents-in-suit;

c.  Grant a preliminary injunction enjoining Highland Packaging and its

agents, servants, officers, directors, employees, and persons or entities acting in

concert with Highland Packaging from directly infringing the claims of the patents-

in-suit;

d.  Grant a permanent injunction enjoining Highland Packaging and its

agents, servants, officers, directors, employees, and persons or entities acting in

concert with Highland Packaging from directly infringing the claims of the patents-

in-suit;

15

e.   Award Pactiv damages in an amount sufficient to compensate Pactiv for Highland Packaging's infringement of the '169 patent, the '364 patent, and the '872 patent, but not less than a reasonable royalty;

f.   Award Pactiv damages in an amount sufficient to compensate Pactiv for Highland Packaging's infringement of the '126 patent, including disgorgement of all profits related to the infringement of the '126 patent;

g.   Award Pactiv treble damages in view of Highland Packaging's willful infringement pursuant to 35 U.S.C. § 284;

h.   Award Pactiv interest and costs pursuant to 35 U.S.C. § 284;

i.   Declare this case exceptional under 35 U.S.C. § 285 and award Pactiv its reasonable attorneys' fees, expenses, and costs incurred in this action; and

j.   Grant such other and further relief that the Court finds just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff Pactiv demands a jury trial on all issues so triable.

16

Dated: April 22, 2015          Respectfully submitted,

*/s/ Katrina M. Quicker*
Katrina M. Quicker
Ga. Bar No. 590859
Jason P. Grier
Ga. Bar No. 869343
BAKER & HOSTETLER LLP
1180 Peachtree Street, NE, Suite 1800
Atlanta, GA 30309-7512
Telephone:   (404) 459-0050
Facsimile:   (404) 459-5734
kquicker@bakerlaw.com
jgrier@bakerlaw.com

OF COUNSEL:
Kevin W. Kirsch
BAKER & HOSTETLER LLP
312 Walnut Street, Suite 3200
Cincinnati, OH 45202-4074
Telephone:   (513) 929-3499
Facsimile:   (513) 929-0303
kkirsch@bakerlaw.com

Jared A. Brandyberry
BAKER & HOSTETLER LLP
1801 California Street, Suite 4400
Denver, CO 80202-2662
Telephone:   (303) 861-0600
Facsimile:   (303) 861-7805
jbrandyberry@bakerlaw.com

*Attorneys for Plaintiff Pactiv LLC*

17